UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff<br><br>v.<br><br>BRANDEIS UNIVERSITY,<br><br>　　　　Defendant | Civil Action No.: 1:20-cv-12162 |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Doe ("**Plaintiff**") respectfully submits this reply memorandum in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, and this Court's Notice of Clerk's Notes for proceedings held before District Judge Angel Kelley (*see* Dk. 40, setting the reply deadline as May 16, 2022 for both Plaintiff and Defendant's Motions for Summary Judgment).

**ARGUMENT**

I. **Defendant Brandeis Breached its Contract with Doe and the Covenant of Good Faith and Fair Dealing and Therefore Summary Judgment Should be Granted for Plaintiff**

Defendant Brandeis advances an argument that it did not breach its contractual obligations to Plaintiff for the involvement of Sonia Jurado—by reviewing and editing the investigator Condon's investigative report, communicating with the investigator throughout the investigation, editing the decision-making panel's decision after deliberations ended, editing the appeal board's decision after deliberations ended, and communicating with the Dean of Students

Office ("DOSO") regarding sanctioning—because (1) Brandeis never promised not to do those things in connection with her oversight and (2) that these activities are part of Jurado's job as Title IX Coordinator at Brandeis. *See e.g.,* Dk. 50, at 2-8.

Brandeis's responsibility and obligations to follow Title IX is distinct from its contractual obligations to Plaintiff. Ultimately, Jurado's position as Title IX Coordinator, and in that capacity working to get Brandeis in compliance with then applicable Title IX provisions under the Code of Federal Regulations, is irrelevant to this Court's analysis of breach of contract and breach of the covenant of good faith and fair dealing. Under Brandeis's policy, Brandeis provides students the right to "[p]articipate in a Resolution Process that is fair, impartial, and provides adequate notice and a meaningful opportunity to be heard." Here, the record evidence establishes that Brandeis failed to meet its contractual obligations.

Diverting the Court with the two arguments described above bypasses the well-established standards for breach of contract in the context of student discipline. The standard asks this Court to look at the terms of the contract between the college and student and determine "whether the reasonable expectations of the parties have been met." *See e.g.*, *Schaer v. Brandeis Univ.*, 432 Mass. 474, 378 (2000). This standard asks what meaning the party making the manifestation under the contract—the college—should reasonably expect the other party—the student—to give it. *Id.* The second test asks whether the procedures were "conducted with basic fairness." *Id* at 380. Essentially basic fairness requires a fair and neutral fact finder, not predisposed to reach a particular conclusion and which is not titled to favor a particular outcome. *Doe v. Brandeis*, 177 F. Supp. 3d 561, 567 (D. Mass. 2016).

Moreover, these arguments, in bypassing the standard, clearly demonstrate that Brandeis failed to put students on notice of the actions that the Director of the Office of Equal Opportunity

("OEO") would undertake. Here, Brandeis's Rights and Responsibilities 2019-2020 and Brandeis's Sexual Misconduct Policy are the contracts at issue. Ex. 1, Ex. 2. These Policies do not inform students and therefore give them any reasonable expectation that the Director of the OEO would participate in each step of the disciplinary process. *Id*.

The contracts do not state (or inform students) that the Director of the OEO has equivalent discretion to the Investigator or that the Director will oversee investigations being conducted. *Id.* The policies do not inform students that the Director and/or Brandeis General Counsel will review, edit, alter, or participate in the drafting or transmission of the Investigative Report. *Id*. Rather, the policies inform students that the Investigator will prepare the report and transmit it to the Decision-Making Panel. *Id*. Moreover, the policies do not inform students that the Director would oversee and make edits, alterations, or participate in the Investigator's credibility assessments of the witnesses. *Id*.

Here, the investigator transmitted the report directly to the Director "for her review" and requested specifically the Director's edits and comments, as well as Brandeis's General Counsel, prior to it being transmitted to the Decision-Making Panel. *See* Ex. 21 at BRU0000183-184; Ex. 21 at BRU0001211; Ex. 21, at BRU0001250. Additionally, prior to the Investigative Report being transmitted to the Decision-Making Panel, the Director and the Investigator were communicating regarding the Investigator's credibility determination. Ex. 21 at BRU0001349-50. Indeed, the Director told the Investigator, regarding an additional credibility assessment the Investigator sought to add, that "I do not think that statement adds anything to the credibility findings. I would let it be." Ex. 21 at BRU0001349.

The contracts do not state (or inform students) that the Director of the OEO will edit, revise, or alter the Decision-Making Panel's written decision. Ex. 2. Here, the record evidence

establishes that after deliberations were completed and the panel transmitted its findings, the Director made revisions to the panel's findings. Ex. 31 (BRU0001552); Ex. 32 (BRU0001504-1508); Ex. 35 (BRU0001530); Ex. 36 (BRU0001537, 1544, 1512). The Director emailed the panel and told them that "[she] thought there was one more finding that need[ed] to be added," that she "believe[d] [the panel] made the finding, but just did not include it in the write up." Ex. 33 (BRU0002003-2004); Ex. 34 (BRU0001527). The panel ultimately rejected the additional finding that the Director sought to add, but the attempt to add a finding in and of itself deviated from what a reasonable student should expect upon review of the relevant policies.

The contracts do not state (or inform students) that the Director of the OEO will participate in, contribute to, or provide input in the sanctions process. Ex. 2. Rather, the policy informs students that after the Decision-Making Panel issues its written decision of their findings, it is referred to the DOSO who will assign appropriate sanctions or remedies. Ex. 2.

Here, the record evidence establishes that the Director participated in, contributed to, and provided input in the sanctioning process. *See* Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment (P's SOF) Nos. 111-144. According to the policies, students are informed that sanctioning is the responsibility of DOSO, but the Director suggested levels of sanctions, discussed other Brandeis Title IX cases and how they fell on the spectrum, drafted letters, attended meetings and gave feedback on how DOSO should function, including who should handle these cases. *Id.* Moreover, here, the Director informed the Administrative Official Raymond Ou that the Director felt the sanction was appropriate, that Doe v. Roe was a very close case, and that more severe discipline would lead to automatic dismissal for any finding of sexual assault compared to Doe's suspension sanction which would leave room for more severe cases. Ex. 42 at BRU0002113, 2116, 2117, 2120-2121. The Director told Ou that he

must keep in mind probation had been given to another student for sexual touching, a form of sexual assault under the policy. Ex. 42 at BRU0002116.

The contracts do not state (or inform students) that the Director of the OEO will edit, revise, or alter the University Appeals Board finding. Ex. 2. Rather, the policies put students on reasonable notice that the University Appeals Board will make a written finding. *Id*. Despite this, the record evidence establishes that the Director made revisions to the panel's findings, which the Director noted in red when transmitting the revisions back to the University Appeals Board. P's SOF Nos. 199-200.

Brandeis's policy that applies to discrimination, sexual harassment, and sexual misconduct is thirty-two pages long and goes into specific detail as to how Brandeis will undertake to investigate and discipline students for violations of its policies. Nowhere within this policy does Brandeis inform students that as Title IX Coordinator, in addition to Director of OEO, that the Director has influential and authoritative oversight over the entire process, or that it is because of Brandeis's responsibilities and obligations to the Federal Government that the Director holds this authoritative oversight over the whole process. Moreover, it is not just that Brandeis never promised "not to do those things" but that Brandeis undertook the above-described actions, that were never outlined in its detailed policies, such that students could not possibly form any reasonable expectation such actions would occur. Students cannot reasonably or rationally expect a college to undertake actions it has failed to outline in its policy related to student discipline for sexual misconduct and Brandeis should be estopped from relying on its own obligations under Title IX as an excuse for its deviation from its stated policies and procedures. Brandeis's actions reveal that it failed to conduct its process with basic fairness and

failed to provide Doe with a process that was fair and impartial. This Court should grant Plaintiff's motion for summary judgment.

II. **Brandeis was Negligent in its Hiring and Retention of its OEO Staff and Therefore Summary Judgment Should be Granted for Plaintiff**

Defendant Brandeis argues that there are no specifics as to which staff allegedly had problems, what those problems were, who at Brandeis knew of the problems, and when, and therefore Plaintiff's claim fails as a matter of law.

Plaintiff's Statement of Facts outlines specifically for this Court the actions and communications which were occurring in Doe v. Roe, and the actions and communications which were occurring at Brandeis regarding Title IX in and around the same time period. In March 2019, the Director was hired and the OEO was established. Defendant's Statement of Facts in Support of Its Motion for Summary Judgment ("D's SOF") at 6, 8.

Thereafter, in May 2019, the Provost Lisa Lynch met with Roe and was directly informed by Roe that Title IX on the campus needed to be fixed, during which meeting, Roe presented a list of student complaints. P's SOF No. 222-23. Ex. 73 at 40:11-24, 41:1-24, 43:1-6. Then, Roe met with Raymond Ou and discussed how students felt about the OEO because it was relatively new and there was concern among students around Title IX, especially because new federal regulations were coming into place. P's SOF No. 225-227. Ou and the Director of OEO also met with Roe in November 2019, wherein they discussed Title IX, the new federal regulations and what they meant, and Roe brought forth a list of student questions which centered on how new regulations would affect Brandeis. P's SOF No. 228-230. In this meeting, Brandeis administrators sought feedback from Roe about how the OEO was doing and how the OEO was being perceived by the student body. P's SOF No. 231. In November 2019, Roe also met with Brandeis President Ron Lliebowtiz, wherein Roe informed him students had concerns about Title

IX, including about the new regulations and that it was unclear if off-campus incidents involving Brandeis students would fall under Brandeis's new Title IX regulations. P's SOF No. 233.

Moreover, at the outset of the actual disciplinary process of Doe v. Roe (in February 2020) Roe informed both the Director and the Investigator of her prior experience with Title IX at Brandeis. P's SOF Nos. 7-9. Roe informed them that she had been previously sexually assaulted (in September 2018 by a graduate student, before allegedly being sexually assaulted by Doe in December 2018) and Roe detailed the exact response of Brandeis upon being informed by Roe's professor of the sexual assault. *Id.* Roe specifically informed the Director and the Investigator that Brandeis treated the graduate student as a faculty member, that the Brandeis Title IX personnel told her the investigation would take too long, that the process would take a year and a half and the graduate student would have graduated by then and that there was no reason to move the case forward. Ex. 6 (BRU0000154).

Here, Brandeis knew or should have known that there were issues, expressed via personal and student concerns through the student body president, with the Title IX process at Brandeis. In fact, Brandeis's internal communications in the disciplinary process of Doe v. Roe, during the final outcome phase of their disciplinary process, establish clearly that it was Brandeis that was seeking to "secure [its] process." Ex. 40 (BRU0002767). Brandeis should be liable for its negligent retention and training of its employees in relation to Title IX policies and procedures, and the disciplinary process. This Court should grant Plaintiff's motion for summary judgment.

## CONCLUSION

Respectfully, Plaintiff John Doe requests this court grant his motion for summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOHN DOE, |
|  | By his attorney, |
| Dated: 5/16/2022 | /s/ George J. Leontire<br>George J. Leontire (BBO # 294270)<br>LEONTIRE & ASSOCIATES, P.C.<br>PO Box 4328<br>Westport, MA 02790<br>(855) 223-9080<br>george@leontirelaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) as follows, on May 16, 2022:

Daryl J. Lapp
Elizabeth H. Kelly
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
Daryl.Lapp@lockelord.com
Liz.Kelly@lockelord.com

                                                /s/ George J. Leontire
                                                George J. Leontire, Esq.