UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-CV-12162-AK |
| BRANDEIS UNIVERSITY, | ) |
| Defendant. | ) |

## ORDER SETTING CIVIL JURY TRIAL

**A. KELLEY, D.J.**

This case is set for a jury trial commencing on **December 11, 2023** at **9:00 AM**. Trial will take place in Courtroom 8 on the third floor of the John Joseph Moakley United States Courthouse in Boston, MA, before the Honorable Angel Kelley. Trial will commence with jury selection, which will proceed all day if necessary. The parties should anticipate that opening statements and presentation of evidence will follow immediately after jury empanelment and will continue until 1:00 PM. Trial will be conducted daily from 9:00 AM to 1:00 PM until deliberations, unless the Court orders otherwise. The Court will meet with counsel at 8:30 AM each day to resolve evidentiary or other legal issues.

I. **FINAL PRETRIAL CONFERENCE**

A. Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, counsel shall appear for a **final pretrial conference** on **November 27, 2023**, at **11:30 AM** in Courtroom 8.

B. Unless excused by the Court, each party shall be represented at the final pretrial conference by counsel who will conduct the trial.

C. Prior to the final pretrial conference, counsel shall confer with their clients and each other to explore the possibilities of settlement. Counsel shall be prepared to advise the Court as to settlement prospects and be authorized or accompanied by persons authorized to engage in settlement discussions and consummate settlement.

D. All pending motions and other matters ready for hearing will be considered at the conference.

E. The Court may schedule interim status conferences or hearings as it deems necessary.

II. **SCHEDULE OF DISCLOSURES**

    A. **Disclosures**:  In preparation for the final pretrial conference, the parties shall disclose to one another, in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(c), by no later than the close of business on **October 23, 2023**:

        1. all photographs, documents, instruments, and other objects either party intends to offer as exhibits at trial, other than solely for impeachment;

        2. the names, addresses, and telephone numbers of witnesses each party intends to call at trial, including expert witnesses; and

        3. the names of witnesses, if any, whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

    B. **Objections**:  Following the disclosures made pursuant to Section II.A, the parties shall serve upon one another, by no later than the close of business on **October 30, 2023**, a list describing any objections thereto and the grounds therefor.  Per Local Rule 16.5(c), these objections shall be one of the subjects of the parties' meeting (see infra Section II.C) prior to the final pretrial conference, and if not resolved, shall be presented to the Court in the parties' Joint Pretrial Memorandum (see infra Section III.A).  Objections not so disclosed, other than objections pursuant to Fed. R. Evid. 402 and 403, are waived according to Fed. R. Civ. P. 26(a)(3)(B), unless excused by the Court for good cause.

    C. **Conference**:  In further preparation for the final pretrial conference, the parties shall meet personally on or before **November 6, 2023**, to discuss and negotiate settlement, to narrow the issues to be tried, and to prepare a Joint Pretrial Memorandum as described in Section III.A.

III. **SCHEDULE OF PRETRIAL FILINGS**

    A. **Joint Pretrial Memorandum**:  The parties shall prepare and file no later than **November 6, 2023**, a **joint pretrial memorandum** which sets forth the following issues pursuant to Local Rule 16.5(d):

        1. the anticipated length of trial;

        2. a succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

        3. a concise summary of the evidence to be offered by the plaintiff and the defendant with respect to both liability and damages, including special damages;

        4. a statement of facts established by the pleadings, admissions, or stipulations;

5. contested issues of fact;

6. any jurisdictional questions;

7. a statement regarding damages;

8. any requested amendments to pleadings;

9. any additional matters to aid in the disposition of the action;

10. the names of witnesses to be called in order of their anticipated introduction to the Court, the cities in which the witnesses reside, the purpose of the testimony of each witness, i.e., factual or expert, whether the testimony of any such witness is to be presented by deposition, and the qualifications of any expert witness unless the qualifications are stipulated;

11. a list of "Uncontested Exhibits," i.e., photographs, documents, instruments, and all other objects, as to which there appear to be no objections, identified and marked by a **single sequence of numbers** regardless of which party is the proponent, in the form attached hereto as **Appendix A**;

12. a list of "Exhibits to be Offered at Trial" of exhibits to which each party reserves the right to object, identified and marked by the **party proponent and a separate sequence of capital letters for each party, i.e. Plaintiff(s) A-Z and Defendant(s) A-Z**, in the form attached hereto as **Appendix A**; and

13. the parties' respective positions on any deposition testimony being offered, as well as any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(c).

B. **Motions in Limine**:  Any **motion in limine** or other pretrial motion shall be filed by **November 13, 2023**.  Oppositions are due by **November 20, 2023**.

C. **Voir Dire**:  The parties shall **jointly** file a single document containing the parties' proposals on questions for the voir dire examination of the jury by **November 27, 2023**.

1. The parties shall clearly indicate questions to which there are no objections and any questions that are contested.  Objections should include citations to authority where appropriate.  If the objections include proposed modifications of the voir dire questions, such proposed modifications shall be presented using underlining (for proposed additions) and strike-out (for proposed deletions).

2. The parties shall also send an editable Word version of this document to the Deputy Clerk by **November 27, 2023**.

D. **Jury Instructions**:  The parties shall **jointly** file a single document containing the

parties' proposals on requests for instructions to the jury, with citations to supporting authority, by **November 27, 2023**.

1. The parties need not include preliminary instructions or boilerplate post-trial instructions.

2. The parties shall clearly indicate instructions to which there are no objections and any instructions that are contested. Objections should include citations to authority where appropriate. If the objections include proposed modifications of the jury instructions, such proposed modifications shall be presented using underlining (for proposed additions) and strike-out (for proposed deletions).

3. The parties shall also send an editable Word version of this document to the Deputy Clerk by **November 27, 2023**.

E. **Proposed Interrogatories or Special Verdicts**: By **November 27, 2023**, the parties shall file **either jointly or separately** the parties' proposals on any proposed interrogatories or special verdict form. The parties shall also send an editable Word version of these filings to the Deputy Clerk by **November 27, 2023**.

F. **Trial Brief**: Each party shall prepare and file no later than **November 27, 2023**, a **trial brief** pursuant to Local Rule 16.5(f), setting forth the following:

1. any outstanding questions raised by motions or Court orders; and

2. other issues of law or requests regarding foreseeable disputes concerning evidentiary or other issues, including authority for the ruling requested.

IV. **CHARGE CONFERENCE**

A. **Charge Conference**: An initial charge conference concerning voir dire, jury instructions, proposed interrogatories or special verdict forms, and any issues raised in the trial briefs will be held on **November 30, 2023**, at **2:30 PM** in Courtroom 8.

V. **COURTESY COPIES**

A. **Courtesy Copies of Filings**: The parties shall provide paper **courtesy copies** of the Joint Pretrial Memorandum, Trial Briefs, and any motions or oppositions that include exhibits.

1. Courtesy copies shall be double-sided and must be stamped or otherwise prominently marked as follows: "COURTESY COPY – DO NOT SCAN."

2. Courtesy copies shall be delivered to the Clerk's Office **within 2 business days** of electronic filing.

B. **Courtesy Copies of Exhibits**: At least one business day before trial, counsel shall provide the Court with 3 paper courtesy copies of all exhibits and any deposition

transcripts that may be used for impeachment purposes.  If counsel plan to place paper copies of exhibits on the witness stand, counsel should ensure that they come prepared with enough copies of exhibits for both the testifying witness and the examining attorney.

## VI.   OTHER REQUIREMENTS

A. **Notice of Settlement**:  In the event that some settlement of the case is reached before the pretrial conference, counsel shall immediately, by telephone and email, notify the Deputy Clerk and promptly submit closing papers.

B. **Privacy Policy**:  The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court.  The policy requires limiting social security and financial account numbers to the last four digits, using only initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state.  If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the Courthouse.  The better practice is for counsel to avoid introducing this information into the record in the first place.  The parties shall take this into account when questioning witnesses or making other statements in Court.  If a restricted item is mentioned in Court, the parties have waived any right to have it stricken or redacted thereafter.

C. **Reclaiming Trial Exhibits**:  All trial exhibits must be reclaimed immediately upon conclusion of trial.  This policy is strictly enforced by the Court, as there is no space at the Courthouse to store exhibits after a trial has ended.

D. **Compliance with the Court's Order**:  Failure to comply with any of the directions set forth above may result in judgment of dismissal or default or the imposition of other sanctions deemed appropriate by the Court.  The timely filing of these trial documents is required.

**SO ORDERED.**

Dated: September 11, 2023                                                    /s/ Angel Kelley
                                                                                        Hon. Angel Kelley
                                                                                        United States District Judge

## Appendix A

Use the samples below to prepare the joint exhibit lists.

### Sample "Uncontested Exhibits" List

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Exhibit Number** | **Offered By** | **Brief Description** | | | |
| 1 | Gov't | MGH Record (1/12/21) | | | |
| 2 | Def. | Photo of Accident Scene | | | |

\* Leave columns 4-6 blank.

### Sample "Exhibits to Be Offered at Trial" List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Exhibit Letter** | **Offered By** | **Brief Description** | **Objection** | | | |
| A | Gov't | Police Report (1/12/21) | Hearsay | | | |
| B | Gov't | Photo of Injuries | Prejudice | | | |
| A | Def. | Photo of Accident Scene | Foundation | | | |
| B | Def. | Driver History | Relevance | | | |

**\*** Leave columns 5-7 blank.